**UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, UNITED STATES BORDER PATROL, Petitioner–Cross–Respondent,**

**v.**

**FEDERAL LABOR RELATIONS AUTHORITY, Respondent–Cross–Petitioner,**

**and**

**National Border Patrol Council, American Federation of Government Employees, Local 1613, AFL–CIO, Intervenor.**

Nos. 92–70119, 92–70218.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 15, 1993.

Decided Dec. 23, 1993.

---

Douglas Ross, U.S. Dept. of Justice, Washington, DC, for petitioner-cross-respondent.

David M. Smith, Richard Zorn, Federal Labor Relations Authority, Washington, DC, for respondent-cross-petitioner.

Mark D. Roth, American Federation of Government Employees, AFL–CIO, Washington, DC, and Kevin M. Grile, American Federation of Government Employees, AFL–CIO, Chicago, IL, for intervenor.

Before: HUG and LEAVY, Circuit Judges and REAL,* Chief District Judge.

REAL, Chief District Judge:

The UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, UNITED STATES BORDER PATROL (INS) appeals the ruling of the FEDERAL LABOR RELATIONS AUTHORITY (FLRA) that the proposal of the NATIONAL BORDER PATROL COUNCIL, AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES LOCAL 1613, AFL–CIO (UNION), which would allow Border Patrol agents to wear bullet proof vests over their uniform shirts, was subject to negotiation under 5 U.S.C. § 7106(b)(3).

## JURISDICTION

■ We have jurisdiction to review the ruling of the FLRA pursuant to 5 U.S.C. § 7123. We review on the record to determine if the action of the FLRA was arbitrary, capricious or an abuse of discretion or

otherwise not in accordance with law. 5 U.S.C. §§ 7123(c) and 706(2)(A). *Bureau of Land Management v. FLRA*, 864 F.2d 89 (9th Cir.1988).

## THE FACTS

The United States Border Patrol is a uniformed, mobile, paramilitary force. The uniform reflects the identity of the wearer as a Border Patrol Officer and the rank of the officer. INS considers it an enhancement to the morale, discipline, esprit de corps, uniformity, recognition, identification and professional appearance of the officers.

The INS has a policy that gives the individual officer the freedom to decide whether or not to wear body armor[1], i.e., it is not required as part of the designated uniform. In 1988 the INS advised its employees that it was changing the policy that allowed the agents to wear body armor over or under their uniforms. The new policy was that those agents electing to wear body armor were required to wear body armor under the uniform shirt.

In response to the announcement of a new policy the UNION proposed to the INS that agents be permitted to wear body armor over the uniform shirt so long as the body armor was covered by some uniform outerwear that would permit the display of the badge and nameplate. No agreement could be reached on the proposed change so the UNION requested formal negotiations, as provided in the collective bargaining agreement, be initiated to settle the controversy. INS considered the UNION'S proposals non-negotiable and advised Patrol Agents in Charge that all Border Patrol Officers wearing body armor would wear it concealed under a uniform shirt. The UNION filed an unfair labor practice and initiated proceedings with the FLRA.

The FLRA by final order agreed with the UNION'S position and found that the INS committed an unfair labor practice by unilaterally instituting a change in the body armor

---

* The Honorable Manuel L. Real, Chief United States District Judge for the Central District of California, sitting by designation.

1. The "body armor" involved here is a bullet-proof vest that has a tail that hangs below the waist and remains visible unless tucked into the trousers or tucked and pinned up under the uniform jacket.

policy without bargaining with the UNION. The rationale of the FLRA was that the proposal was subject to negotiation as an "appropriate arrangement for employees adversely affected by the exercise" of the INS' right to determine internal security practices pursuant to 5 U.S.C. § 7106(b)(3).

## DECISION

The Federal Service Labor–Management Relations Statute rights (FSLMRS), 5 U.S.C. § 7106 et seq. provides that certain management rights are exclusive and not subject to collective bargaining where internal security practices and methods and means of performing work are concerned. 5 U.S.C. §§ 7106(a)(1), (b)(1). These provisions, although appearing to be full authority for the INS to impose upon its Border Patrol agents an absolute requirement under the theory of providing for internal security practices (bullet proof vests) and methods and means of performing work (how to wear the vest), are not absolute.

■ 5 U.S.C. § 7106(b)(3) provides to the employee the right to bargain over adverse effects agency policy may have on the employees' working conditions. Refusal to negotiate in good faith appropriate arrangements in connection with agency management subjects the agency to charges for unfair labor practices. 5 U.S.C. § 7116(a)(1), (5).

What is an appropriate arrangement has not been litigated in this circuit. It is for all intents and purposes a matter of first impression. The FLRA presses on us the analysis set forth in *Nat'l. Association of Government Employees, Local R 14–87 and Kansas Army National Guard,* 21 F.L.R.A. 24 (1986) (*KANG*).

■ *KANG* suggests the first consideration should be whether a union proposal in answer to a management decision is designed to ameliorate the adverse effects of the decision made by management. Under this approach some constraints can be placed on management's rights providing the proposal does not excessively interfere with the management function of the agency. *American Federation v. FLRA,* 702 F.2d 1183 (D.C.Cir.

1983). The Second, Fourth and D.C. Circuits have adopted the *KANG* analysis and we feel constrained to join them in our consideration of the proposal of the UNION in this matter.

Proposal B offered by the UNION provides:

The parties agree that concealable body armor, in order to be maximally effective, should be worn under the outermost article of uniform apparel. This does not preclude agents from wearing the body armor over a uniform shirt, as long as it is covered by a uniform jacket or other approved article of uniform apparel.

The proposal was made to obviate what agents, particularly in the Southwest, were experiencing because of the pervasive hot weather. It was in this posture that the FLRA found that Proposal B was negotiable.

The INS argued that the method of wearing the body armor was a matter of management's right to determine its internal security practices under § 7106(a)(1). Although agreeing with the INS on the matter of internal security the FLRA decided that Proposal B constituted an appropriate arrangement under § 7106(b)(3) because in the application of the *KANG* criteria Proposal B addressed the adverse effects of heat discomfort and properly constituted an arrangement for employees adversely affected by the exercise of a management right.

■ Relying on *INS v. FLRA,* 855 F.2d 1454 (9th Cir.1988) INS argues that it has an interest, as a paramilitary organization, in its organization, so that its decision concerning body armor is not subject to negotiation. INS asks too much of *INS v. FLRA, supra.* Wearing the body armor is optional and is not a part of the uniform. Since Proposal B does not affect the uniform in any fashion it meets the criteria of *KANG, supra,* as an arrangement to ameliorate adverse effects on employees, and it must be subject to negotiation. Under the Union's proposal no security concern or management decision is adversely affected. It is a reasonable proposal entitled to negotiation to ameliorate the adverse effect of wearing body armor in the Southwestern Region of the country.

The record reasonably supports the decision of the FLRA. Since we find that the FLRA decision is not arbitrary, capricious, an abuse of discretion, or otherwise contrary to law, *Navy Public Works Ctr. v. FLRA,* 678 F.2d 97 (9th Cir.1982), we accept the FLRA construction as reasonable. *Dept. of the Treasury, IRS v. FLRA,* 494 U.S. 922, 110 S.Ct. 1623, 108 L.Ed.2d 914 (1990).

The INS' petition for relief is DENIED. The cross-application of the FLRA for enforcement is GRANTED.